## GALLUP v. CALDWELL et al.
### No. 65.

District Court, D. Delaware.

Feb. 20, 1940.

Harold F. Levin (of Delson, Levin & Gordon), of New York City, and James H. Hughes (of Hughes & Terry), of Dover, Del., for plaintiff.

Caleb S. Layton (of Richards, Layton & Finger), of Wilmington, Del., for defendants.

NIELDS, District Judge.

August 16, 1939 plaintiff filed her complaint against three corporations and fourteen individuals who were directors or officers of such corporations. September 26, 1939 Empire Gas & Fuel Company and Cities Service Company, two corporate defendants, filed a motion for a more definite statement or for bill of particulars and a motion to dismiss. October 7, 1939 Indian Territory Illuminating Oil Company (hereafter referred to as "Indian Oil") filed a like motion. December 7, 1939 plaintiff filed a motion for discovery and depositions.

Briefly, the complaint alleges that the action is brought by plaintiff as a stockholder of Indian Oil, in her own behalf and in behalf of all other stockholders who may join, for an accounting to recover for the benefit of Indian Oil damages resulting from a waste of its assets and earnings by reason of the acts of the defendants.

Certain acts of defendants complained of are alleged to have occurred "in the early part of 1930" and "for many years past" and still later "in November, 1937" and "in April 1939"; and again "at various times in the past years".

Plaintiff's motion for discovery and depositions seeks the examination of many witnesses resident in Oklahoma, New York City and one in London, England, to be taken in Wilmington, Delaware, and the production of a carload of books and documents covering transactions of the three defendant corporations from January 1, 1930. Plaintiff's conception of the scope of the inquiry is indicated by one item requesting the corporate defendants to produce and permit plaintiff and her attorneys "to inspect, copy and photograph" the following: "All cash receipt books, cash disbursement books, general ledgers, journals, subsidiary books and records, general books of account, vouchers and supporting data for all book entries, all reports of any kind or nature filed by all companies within the Cities Service System with any governmental agency or body, whether Federal, State or local, and all minute books from January 1st, 1930 to date;" To follow this conception to the end would involve weeks or months and the expenditure of thousands of dollars.

As a condition precedent to any consideration of the allegations in the complaint it must appear affirmatively that plaintiff was a shareholder and how and when she became such. In the complaint plaintiff alleges that "for sometime past (she) has been the holder and owner of 100 shares of class B common stock of Indian Territory Illuminating Oil Co. * * *; that plaintiff was a shareholder of the said Indian Oil at the time of the transactions herein complained of; * *."

Affidavits are on file establishing that no stock of Indian Oil stands of record in the name of Bella Gallup or Bella Gallup Freedman or Bertha Freedman. December 28, 1939 plaintiff filed her affidavit to establish her character as a shareholder and the time when she became such. In this affidavit she stated: "I have been the owner of 100 shares of class B common stock of Indian Territory Illuminating Oil Co. from April 27, 1937 continuously to date." In support of this statement plaintiff attached to her affidavit photostatic copies of the following documents:

(a) A broker's confirmation slip dated April 27, 1937 reciting the purchase of 100 shares of Indian Oil at $3.50 per share, "Customer Bertha Freedman."

(b) Stock certificates: No. JL810 for 45 shares in the name of Brown, Kiernan & Co. dated November 24, 1936 and endorsed in blank November 27, 1936; No. JL808 for 5 shares in the name of Brown, Kiernan & Co. dated November 20, 1936 and endorsed in blank November 27, 1936; No. JL893 for 50 shares in the name of Ira Haupt & Co. dated May 4, 1937 and endorsed in blank May 5, 1937.

(c) Letter from Ira Haupt & Co. to Bertha Freedman, 7 Forster Parkway, Mt. Vernon, N.Y., dated September 17, 1939, a month after the complaint was filed:

"Dear Madam:

"In accordance with the request contained in your letter of Nov. 17th, 1939 we enclose herewith duplicate confirmation of the purchase of 100 shares of Indian Territory Illuminating Oil Co. Class B, which was purchased by you on April 27, 1937.

"On Nov. 17, 1937 we forwarded to you the above mentioned security certificate #5/JL808; 45/JL810 registered in the name of Brown Kiernan & Co. and 50/JL-893 registered in the name of Ira Haupt & Co. The delivery of this security was against your purchase referred to above.

"Very truly yours,
"(Sgd) Ira Haupt & Co."

From the confirmation slip, the letter of the brokers and the stock certificates before recited it definitely appears that the 100 shares of common stock of Indian Oil were purchased by Bertha Freedman.

Against the above recited documentary evidence we have the bald statement of the plaintiff in her affidavit dated December 22, 1939, more than three months after this complaint was filed, that "At the time this stock was purchased, for personal family reasons I was carrying an account with Ira Haupt & Co., members of the New York Stock Exchange, of 39 Broadway, New York City, in the name of my daughter, Bertha Freedman, a situation of which I apprized my brokers at the time and to which they had no objection." The affidavit of the plaintiff is not supported by any records or affidavits of the brokers.

There is attached to plaintiff's affidavit a photostatic copy of a sworn statement by Bertha Freedman dated November 4, 1939, four months after complaint was filed, as follows:

"To Whom It May Concern:

"This is to certify that the account maintained in my name at Ira Haupt & Co., #39 Broadway, New York City, belonged to my mother, Bella Gallup, who for reasons of convenience carried such account in my name; that all deposits in such account and all securities purchased were her property, all orders executed in such account were upon her instructions, and I had no interest of any kind or nature in such account or the moneys or securities contained therein.

"(Sgd) Bertha Freedman."

It is the duty of the court to apply Federal Rules of Civil Procedure, rule 23(b), 28 U.S.C.A. following section 723c, covering secondary actions by shareholders. The rule provides: "* * * the complaint shall be verified by oath and shall aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains * * *".

 To comply with this rule it is necessary that the status of the plaintiff should definitely appear. From this uncertain and contradictory record the court can not find that plaintiff was the owner of stock of Indian Company at the time of the grievances complained of or, in fact, at any time.

The complaint must be dismissed.